## Mocarsky et al. v. General Baking Co.

*Francis T. Dennis*, for plaintiffs.
*Larzelere & Wright*, for defendant.

KNIGHT, P. J., June 13, 1941.—Plaintiffs filed a petition, on which a rule was allowed, to show cause why the statement of claim should not be amended, by adding an averment that the Liberty Mutual Casualty Company is the insurance carrier of defendant, and

covered the vehicle of defendant involved in the accident which gave rise to this action in trespass.

An answer was filed by defendant, raising questions of law, and the case was argued before us at the May argument court.

The General Exchange Insurance Corporation insured the truck of Mocarsky against damages by collision, and after paying a portion of the loss received an assignment of Mocarsky's claim up to the amount it had expended.

Under Pa. R. C. P. 2002, it became necessary to name the General Exchange Insurance Company as a plaintiff.

It has been the established policy and practice in our law for many years to exclude from the pleadings and the trial of cases such as this any mention of insurance that may be carried by the litigants.

There were good and substantial reasons for this rule. The insurance companies were not real parties to the actions, although they might be financially affected by the result. The fact that the litigant was insured against any loss that he might sustain by reason of the action was in no way relevant to the issues of the controversy.

These and other reasons are back of the well-established and oft-asserted rule above mentioned.

Does Pa. R. C. P. 2002 change this well-established rule so far as defendants are concerned?

This question has already been considered by the common pleas courts of several counties, and there are four reported cases that have come to our attention.

The first case is that of Wolf et al. v. Gross, 38 D. & C. 413, in which Judge Schaeffer, of the Court of Common Pleas of Lancaster County, held that, since rule 2002 required the partially subrogated insurer to be named as a party plaintiff, the plaintiff may plead that the defendant is insured so as to prevent possible prejudice which might arise if the jury thought that only the plaintiff was insured.

The doctrine of this case has been definitely repudiated by three subsequent cases, namely: Goodwin et al. v. Scott, 39 D. & C. 613 (1940); McBeth v. Gross, 40 D. & C. 524 (1940); Majors et ux. v. Lucaric, 40 D. & C. 317 (1940).

In all these cases the question now before us was discussed, and we feel it unnecessary to add to what has been said by the courts of our sister counties in the opinions filed. We concur with the majority opinion, and this requires that the present rule must be discharged.

We are urged by counsel for the rule, to take a realistic rather than a legalistic view of the question before us.

There is little doubt that the rule requiring the naming of an insurance carrier as a party plaintiff does work a hardship on the plaintiff or plaintiffs, in cases where the defendant is an individual. It is not because juries are prejudiced against insurance companies: it is because the average juror thinks an insurance company should bear a loss arising from a risk it was paid to take.

On the other hand, long observance and experience in the trial of negligence cases leads us to the conclusion that in these days, when liability insurance is so common, the average juror who sits on an automobile accident case believes that the defendant is insured.

Thus, from a realistic standpoint, rule 2002 tends more to equalize prejudices than otherwise.

Rule 2002 applies only to plaintiffs. Its meaning is clear, and its wording unambiguous: if it is to be changed to apply to defendants in some or all cases, that change must be made by the Supreme Court which promulgated it, and not by judicial interpretation of a subordinate tribunal.

And now, June 13, 1941, the rule is discharged.